IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PENNSAUKEN SENIOR TOWERS URBAN RENEWAL ASSOCIATES, LLC | ) | |
| and | ) | |
| HOUSING AUTHORITY OF THE TOWNSHIP OF PENNSAUKEN | ) | |
| Plaintiffs, | ) | No. 07-174C (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the HAP Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 1. The allegations contained in the third sentence of paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations regarding the structure of Renewal Associates contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

Admits that Pennsauken Towers Apartments is located in Pennsauken Township, Camden County, New Jersey and consists of 100 one bedroom units and one manager's unit.

4. Admits the allegations contained in paragraph 4 to the extent supported by the Lease Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegation contained in the first sentence of paragraph 5. The allegation contained in the second sentence of paragraph 5 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

6. Denies the allegation contained in the first sentence of paragraph 6; avers that the HAP contract with HUD for Pennsauken Towers Apartments was project number NJ16-0029-001, which became effective on June 9, 1981. The allegations contained in the second sentence of paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the HAP contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the HAP Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the HAP Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the HAP Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits.

12. Admits the allegations contained in paragraph 12 to the extent supported by the HAP Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegation contained in paragraph 13 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Defendant’s responses to paragraphs 1 through 18 of the complaint are incorporated by reference.

20. Denies the allegations contained in the first sentence of paragraph 20; avers that the contract rent was increased between 1981 and 1994 from $486 to $828. Denies the allegation contained in the second sentence of paragraph 20.

21. Admits the allegation contained in paragraph 21 that the Government published AAAFs annually; denies the remaining allegation contained in paragraph 21 because it constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegation contained in paragraph 24; avers that the contract rent under the HAP Contract for Pennsauken Towers was not adjusted from 2002 until March, 2007, when the rent was adjusted to $885.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. Denies.

27. Defendant's responses to paragraphs 1 through 26 of the complaint are incorporated by reference.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Defendant's responses to paragraphs 1 through 28 of the complaint are incorporated by reference.

30. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Defendant's responses to paragraphs 1 through 30 of the complaint are incorporated by reference.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. Defendant's responses to paragraphs 1 through 32 of the complaint are incorporated by reference.

34. The allegations contained in paragraph 34 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Defendant's responses to paragraphs 1 through 34 of the complaint are incorporated by reference.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. Defendant's responses to paragraphs 1 through 36 of the complaint are incorporated by reference.

38. The allegations contained in paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Defendant's responses to paragraphs 1 through 38 of the complaint are incorporated by reference.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 40, or to any relief whatsoever.

42. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

43. Claims asserted in the complaint that accrued prior to six years before the complaint's filing date are barred by the statute of limitations.

44. Renewal Associates is not in privity of contract with defendant because the HAP contract at issue is between the Housing Authority and defendant; the Court does not possess jurisdiction to consider the claims of Renewal Associates.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/
BRIAN M. SIMKIN
Assistant Director

Of Counsel:
ALLEN VILLAFUERTE
Office of General Counsel
Department of Housing and
Urban Development
451 7th St., S.W., Room 10258
Washington, D.C. 20410
Tele: 202-402-5095
Fax: 202-708-3351

s/
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: 202-307-3390
Fax: 202-514-8624

Attorneys for Defendant

August 20, 2007

CERTIFICATE OF FILING

I hereby certify that on this 20 th day of August, 2007, a copy of the foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo