IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PENNSAUKEN SENIOR TOWERS URBAN RENEWAL ASSOCIATES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | ) | No. 07-174C<br>(Judge Lettow) |
| HADDON HOUSING ASSOCIATES, LIMITED PARTNERSHIP, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 07-646C<br>(Judge Lettow) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES IN CASE NO. 07-646C**

For its answer to the complaint filed in Haddon Housing Associates, et al. v. United States, No. 07-646 (Fed. Cl.), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are plaintiff's characterization of its case to which no answer is required. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the HAP Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 1. The allegations contained in the third sentence of paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegation contained in paragraph 3 that Rohrer Towers II Apartments is located in Haddon Township, Camden County, New Jersey and consists of 100 one-bedroom units and one one-bedroom manager's unit; denies the remainder of the allegations contained in paragraph 3 regarding the structure of Haddon Housing Associates for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits the allegations contained in paragraph 4 to the extent supported by the lease agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegation contained in the first sentence of paragraph 5. The allegation contained in the second sentence of paragraph 5 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

6. Admits the allegation contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the HAP contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the HAP Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the HAP Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the HAP Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits.

12. Admits the allegations contained in paragraph 12 to the extent supported by the HAP Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegation contained in paragraph 13 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

14. Admits the allegation contained in paragraph 14 that Congress enacted amendments to the United States Housing Act; the remainder of the allegations contained in paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Defendant's responses to paragraphs 1 through 18 of the complaint are incorporated by reference.

20. Admits.

21. Admits.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies.

24. The allegations contained in paragraph 24 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant avers that the contract rents under the HAP Contract for Rohrer Towers II Apartments were not adjusted annually between contract year 2001 and contract year 2006.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. Denies.

27. Defendant's responses to paragraphs 1 through 26 of the complaint are incorporated by reference.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Defendant's responses to paragraphs 1 through 28 of the complaint are incorporated by reference.

30. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Defendant's responses to paragraphs 1 through 30 of the complaint are incorporated by reference.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. Defendant's responses to paragraphs 1 through 32 of the complaint are incorporated by reference.

34. The allegations contained in paragraph 34 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Defendant's responses to paragraphs 1 through 34 of the complaint are incorporated by reference.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. Defendant's responses to paragraphs 1 through 36 of the complaint are incorporated by reference.

38. The allegations contained in paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Defendant's responses to paragraphs 1 through 38 of the complaint are incorporated by reference.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 40, or to any relief whatsoever.

42. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

43. Claims asserted in the complaint that accrued prior to six years before the complaint's filing date are barred by the statute of limitations.

44. Haddon Housing Associates is not in privity of contract with defendant because the HAP contract at issue is between the Housing Authority of the Township of Haddon and defendant; the Court does not possess jurisdiction to consider the claims of Haddon Housing Associates.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant Defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: 202-307-3390
Fax: 202-514-8624

Attorneys for Defendant

Of Counsel:

AMBER RICHER
Office of General Counsel
Department of Housing and
Urban Development
451 7th St., S.W., Room 10258
Washington, D.C. 20410
Tele: 202-402-3241
Fax: 202-708-3351

January 3, 2008

CERTIFICATE OF FILING

I hereby certify that on this 3rd day of January, 2008, a copy of the foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES IN CASE NO. 07-646C" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo