IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PENNSAUKEN SENIOR TOWERS URBAN RENEWAL ASSOCIATES, LLC, et al. | ) | |
| Plaintiffs, | ) | No. 07-174C |
| | ) | No. 07-646C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiffs, Pennsauken Senior Towers Urban Renewal Associates, LLC, et al. ("Pennsauken"), and Haddon Housing Associates, L.P. et al. ("Haddon"), and defendant, the United States, respectfully submit this Joint Preliminary Status Report:

a. Does the Court have jurisdiction over the action?

Plaintiff asserts this Court has jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, over the contract dispute at issue here, which is a dispute over Housing Assistance Payments ("HAP") contract rents.

Defendant does not intend to challenge the Court's jurisdiction at this time, except as stated in paragraphs h, below.

b. Should the case be consolidated with any other case and, if so, why?

The two cases, *Pennsauken Senior Towers Urban Renewal Associates, LLC v. United States*, Civil No. 07-174C, and *Haddon Housing Associates, L.P. et al. v. United States*, Civil No. 07-646C, have already been consolidated. The parties are not aware of additional cases that should be consolidated with these two.

c. Should the trial of liability and damages be bifurcated?

The parties agree that trial of liability and damages should be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Will a remand or suspension be sought?

The parties do not believe that remand or suspension will be sought.

f. Will additional parties be joined?

The parties do not currently anticipate that additional parties will be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and if so, what is the proposed schedule for the intended filing?

The Government plans to file a motion to dismiss contending that (1) Housing Associates lacks privity of contract with the United States and should be dismissed as a party, and (2) the Court does not possess jurisdiction over the portion of the Haddon claim which extends to 2001 damages pursuant to RCFC 12(b)(1). In the event the cases are not settled, both parties may file other dispositive motions prior to trial.

h. What are the relevant factual and legal issues?

The relevant factual and legal issues appear to be as follows:

1. Whether the portion of Haddon's claim for adjustment of contract in 2001 is barred by 28 U.S.C. § 2501, the six-year statute of limitations applicable to suits under the Tucker Act (28 U.S.C. § 1491(a)(1)) in the Court of Federal Claims.

2. Whether Housing Associates is a proper party to the litigation, given its lack of privity with HUD.

3. Whether the 1994 Amendments to 42 U.S.C. § 1437f and/or HUD Notice 95-12 breached or resulted in a breach of plaintiffs' HAP Contracts.

4. If defendant is liable to plaintiffs for breach of contract, what is the measure of the damages to which plaintiffs are entitled?

5. If defendant is liable to plaintiffs for breach of contract, what is the quantum of the damages to which plaintiffs are entitled?

Plaintiffs assert the following factual and legal issues:

6. Whether the deduction of 1 percent from the AAF for non-turnover units was a breach of contract.

7. Whether the Government has waived its right to exercise the overall limitation provision by not determining comparable fair market rent.

8. If the Government has not waived its right to exercise the overall limitation provision, whether its failure to include a material difference of 20% in applying such provision was a breach of contract.

9. Whether requiring the owner to furnish a rent survey in order to obtain a rent adjustment was a breach of contract.

10. What is the amount of the initial difference?

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties have been negotiating a prospective settlement with respect to claims advanced in the case of Pennsauken. The Government expects to submit a proposed settlement concerning the Pennsauken case to the authorized representative of the Attorney General for consideration within the next 30 days. The parties have been unable to reach a proposed settlement in the case of Haddon.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly request expedited trial scheduling? What is the requested place of trial?

If the case is not resolved through dispositive motions or settlement, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling and propose Washington, D.C. as the place of trial.

The parties do not request expedited trial scheduling.

k. Are there special issues regarding case management needs?

The parties are unaware of any special issues regarding case management needs at this time.

l. Is there any other information of which the Court should be aware at this time?

The parties agree that there is no other information of which the Court should be aware at this time.

m. Discovery

The parties propose that the Court stay discovery until it rules upon the government motion to dismiss, in part, which will be filed in the next 30 days. Once the Court rules upon the Government's motion, the parties propose to file a joint status report.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Fred Livingstone
FRED LIVINGSTONE
Attorney
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Tele: (216) 706-3925
Fax: (216) 241-3707

Attorney for Plaintiff

April 16, 2008

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 16th day of April, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Armando Rodriguez-Feo_