IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PENNSAUKEN SENIOR TOWERS URBAN RENEWAL ASSOCIATES, LLC, ET AL. | ) | |
| Plaintiffs, | ) | Civil No. 07-174C<br>Civil No. 07-646C<br>(Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS, IN PART

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests the Court to dismiss certain of plaintiff's claims for lack of jurisdiction. In support of this motion, we rely upon the complaint and the following brief.[1]

DEFENDANT'S BRIEF

Plaintiffs, Haddon Housing Associates, LLC, and the Housing Authority of the Township of Haddon, New Jersey (collectively referred to as "Haddon"), brings this action against the United States for breach of a "Housing Assistance

[1] In the April 16, 2008 Joint Preliminary Status Report filed with the Court, the Government asserted that it would file a motion to dismiss contending that (1) Housing Associates lacks privity of contract with the United States and should be dismissed as a party, and (2) the Court does not possess jurisdiction over the portion of the Haddon claim which extends to 2001 damages pursuant to RCFC 12(b)(1). The Government has opted not to file a motion challenging Housing Associates' party-status at this time.

Payments" ("HAP") contract covering Rohrer Towers II Apartments.[2]

Pursuant to Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, Haddon and the United States Department of Housing and Urban Development ("HUD") entered into a HAP contract with an anniversary date of March 17, 1981. Complaint ("Compl.") ¶ 6. Under this HAP contract, HUD provides monthly project-based housing assistance payments for Rohrer Towers II Apartments. Compl. ¶ 7. HAP's under this contract may be adjusted annually on the March 17 contract anniversary date, as prescribed by the HUD regulation at 24 C.F.R. § 888.203(b). Haddon alleges that HUD breached the HAP contract by failing to make such annual rent adjustments on the anniversary dates, thereby entitling plaintiffs to damages dating back to September 2001. As explained below, the Court does not possess jurisdiction over the portion of Haddon's claim which arises from the alleged failure to adjust the contract rent on the March 2001 anniversary date because the application of 28 U.S.C. § 2501 bars that portion of the claim which is beyond the six-year statute of limitations.

---

[2] On October 5, 2007, the Court ordered the consolidation of two cases, Pennsauken Senior Towers Urban Renewal Associates, LLC, et al. v. United States, No. 07-174C (Fed. Cl.), and Haddon Housing Associates, et al. v. United States, No. 07-646C (Fed. Cl.). This motion concerns the claims advanced by Haddon.

## STATEMENT OF THE ISSUE

Whether the six-year statute of limitations bars Haddon's breach of contract claim alleging that the Government improperly failed to adjust the contract rent on the March 17, 2001 anniversary date, which occurred more than six years before the filing of this lawsuit.

## ARGUMENT

### I. Haddon Bears The Burden Of Establishing This Court's Jurisdiction And Demonstrating That The Statute Of Limitations Does Not Bar A Portion Of Its Claim

The Court of Federal Claims "is a court of limited jurisdiction and, absent congressional consent to entertain a claim against the United States, the court lacks jurisdiction over that claim." Appalachian Regional Healthcare, Inc. v. United States, 999 F.2d 1573, 1577 (Fed. Cir. 1993) (citation omitted). Congressional consent to suit, which waives the Government's traditional immunity from suit, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980). "The burden of proving that the Court of Federal Claims has subject matter jurisdiction over a claim rests with the party seeking to invoke its jurisdiction." Ervin & Assocs., Inc. v. United States, 44 Fed. Cl. 646, 652 (1999); accord Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). As the claimants in this suit, Haddon bears the burden of establishing jurisdiction, including jurisdictional timeliness.

## II. The Court Lacks Jurisdiction Because The Claim For An Annual Adjustment On The March 17, 2001 Anniversary Date Accrued More Than Six Years Before This Suit Was Commenced

The Court's jurisdiction in this case is presumptively premised upon the Tucker Act, 28 U.S.C. § 1491. The statute of limitations applicable to Tucker Act cases provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (emphasis added). The six-year statute of limitations set forth in section 2501 imposes "an express limitation on the Tucker Act's waiver of sovereign immunity." Alder Terrace, 161 F.3d at 1376-77 (quoting Hart v. United States, 910 F.2d 815, 817 (Fed.Cir.1990)); accord Brown Park Estates–Fairfield Development Co. v. United States, 127 F.3d 1449, 1454 (Fed. Cir. 1997).

For purposes of applying 28 U.S.C. § 2501, a claim first accrues "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Brighton Village Associates v. United States, 52 F.3d 1056, 1060 (Fed. Cir. 1995) (quoting Kinsey v. United States, 852 F.2d 556, 557 (Fed. Cir. 1988)); accord Alder Terrace, 161 F.3d at 1377; Brown Park, 127 F.3d at 1455. Generally, in the case of a breach of contract, a cause of action accrues when the breach occurs. Alder Terrace, 161 F.3d at 1377; see also Brighton Village, 52 F.3d at 1060.

Haddon presumably acknowledges that the six-year statute of limitations applies to its case, but misinterprets the application of the limitations period. On the one hand, Haddon limits its damages claim by reaching back to 2001, Compl. ¶ 40; but on the other hand, Haddon claims damages for an annual adjustment that would have occurred, if ever, on the March 17, 2001 contract anniversary date. Compl. ¶ 23.

Section 2.7(b) of the HAP contract provides that "[u]pon request from the Owner to the CA [Contract Administrator], Contract Rents will be adjusted on the anniversary date of the Contract in accordance with 24 CFR 888 and this Contract." Compl. ¶ 10. Thus, an annual adjustment could not have taken place at any other time and the claim for the 2001 rent adjustment accrued when HUD did not make the annual contract rent adjustment allegedly required.

As the United States Court of Appeals for the Federal Circuit held in Brown Park, a case which also concerned rent adjustment claims under HAP contracts, "[a]t each of these specific points in time [i.e., the contract anniversary dates], the government's liability was fixed and [the project owners] were entitled to institute an action." 127 F.3d at 1455; see also Park Village Apartments v. United States, 25 Cl. Ct. 729, 733 (1992) (statute of limitations barred claims based upon rent

determinations that occurred more than six years before suit was filed).[3]

Because Haddon did not file its complaint until September 4, 2007, more than six years after the March contract anniversary date for the year 2001, Haddon has no right to an award of damages from September 4, 2001 through March 16, 2002 because no adjustment would have been made for the 2001 year unless made on March 17, 2001. 24 C.F.R. § 888.203(b).

## III. Because The Statute Of Limitations Bars Haddon's Claim For Rent Adjustment On March 17, 2001, It May Not Also Base Its Purported Entitlement To Adjustments For Subsequent Years Upon What Contract Rents Allegedly Would Have Been In 2001 Had Haddon Timely Filed A Request For Adjustment On The 2001 Anniversary Date

Not only is Haddon barred from recovering damages for contract year 2001, it may not base its calculation for any subsequent rent adjustments, which it may have been due, upon the consequential effects of the alleged improper failure of HUD to adjust contract rents in March 2001. Brown Park, 127 F.3d at 1457-58; see also Statesman II Apartments, Inc. v. United States, 66 Fed. Cl. 608, 626 (2005) (citing Brown Park, 127 F.3d at 1457-58).

As noted above, Brown Park involved claims under HAP contracts that contained rent adjustment provisions virtually identical to the rent adjustment provisions in the HAP contract for Rohrer Towers. The plaintiffs in Brown Park commenced suit in October 1994, alleging that HUD's failure to make appropriate

[3] In Brown Park, the Federal Circuit held that the "continuing claim" doctrine does not apply to Section 8 rent adjustment claims. 127 F.3d at 1455.

annual rent adjustments at times between June 1986 and February 1988 constituted breach of their HAP contracts. 127 F.3d at 1455. They argued that, as a result of the alleged breach, they sustained damages not only during the years in which the alleged breach originally occurred, but also in subsequent years, including during the six years prior to suit. Id.

The Federal Circuit squarely rejected plaintiffs' claims in Brown Park, holding that the "continuing claim" doctrine did not apply and that the claims were barred by the statute of limitations. 127 F.3d at 1455. The court of appeals explained:

> [A]ppellants are not complaining about any alleged breaches of the HAP contracts by HUD during the six-year period immediately prior to the filing of suit. Appellants' claims are based on HUD's alleged failure to make the proper rent adjustments at the specified times between June of 1986 and February of 1988. That failure, and the consequential damages resulting from it, constitute the actionable wrong that appellants seek to vindicate. As far as the six years prior to filing suit are concerned, appellants do not contend that HUD failed to make rent adjustments during those years. Rather, they argue that on account of HUD's breaches outside the period of the statute of limitations, HUD started from the wrong base when making rent adjustments during the six years prior to the filing of suit. Thus, the alleged improper base for these latter years relates directly to, and is completely dependent on, whether HUD failed to make rent adjustments in earlier years in violation of the HAP contracts.

Id. at 1457-58. The court therefore concluded that HUD's alleged breach took the form of distinct events, albeit with "continued ill effects later on," and occurred only at the annual anniversary dates of the contract. Id. at 1456. As the failure to provide adjustments on the anniversary date constituted the actionable event, the claim accrued at the anniversary date and the continuing claim doctrine did not apply to subsequent "allegedly erroneous contract rents." Id. at 1459.

Similarly, Haddon cannot use the time-barred 2001 claim to calculate alleged damages for failure to adjust on subsequent anniversary dates beginning March 17, 2002. Any claim for breach of contract grounded upon the failure of HUD to adjust HAP contract rents in 2002 must start with the contract rents that were "in effect" on the 2002 HAP contract anniversary date, as mandated by 24 C.F.R. § 888.203(b). Such damages claim cannot be based on what the contract rents would have been on the 2002 contract anniversary if they had been previously adjusted during contract year 2001.

Not only are Haddon's claims for damages from September 4, 2001 to March 16, 2002 time-barred, but also its claims accruing under the 2002 anniversary date and anniversary dates thereafter cannot build upon asserted damages for failure to adjust rents on March 17, 2001 – Haddon must begin with the allegedly improper failure to adjust rents on March 17, 2002, the first contract anniversary date that fits within the permissible six-year limitations period.

CONCLUSION

For the foregoing reasons, the Government respectfully requests the Court grant our motion to dismiss, in part.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: 202-307-3390
Fax: 202-514-8624

Attorneys for Defendant

Of Counsel:

AMBER RICHER
Office of General Counsel
Department of Housing and
Urban Development
451 7th St., S.W., Room 10258
Washington, D.C. 20410
Tele: 202-402-3241
Fax: 202-708-3351

May 19, 2008

CERTIFICATE OF FILING

I hereby certify that on this 19th day of May, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS, IN PART" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Armando Rodriguez-Feo