**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PENNSAUKEN SENIOR TOWERS URBAN RENEWAL ASSOCIATES, LLC, ET AL.** | ) | **CASE NOS . 07-174C & 07-646** |
| Plaintiffs, | ) | **JUDGE CHARLES F. LETTOW** |
| vs. | ) | |
| **THE UNITED STATES OF AMERICA**, | ) | **<u>BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, IN PART</u>** |
| Defendant. | ) | |

In response to Defendant's Motion to Dismiss in Part, Plaintiffs Haddon Housing Associates and The Housing Authority of the Township of Haddon (collectively referred to as "Haddon"), respectfully request that this Court deny such motion for the reasons set forth in the following brief.

**LAW AND ARGUMENT**

Haddon is entitled to the adjusted rent for the period of the 2001 anniversary year which is within the statute of limitations. The anniversary date of the Haddon HAP Contract is March 17th and suit was filed on September 4, 2007. Because the statute of limitations under the Tucker Act is six years, 28 U.S.C. §2501, the earliest date for which a claim has been made for the adjusted rent is September 4, 2001.

The Government claims that the terms of the Contract preclude any adjustment for 2001 because the anniversary date is outside the statute of limitations. However, the Government inserts a concept into regulation 24 CFR 888 which is not there.

Section 2.7(b) of the Haddon HAP Contract provides:

> Upon request of the Owner to the CA,[1] Contract Rents will be adjusted on the anniversary date of the Contract *in accordance with 24 CFR 888* and this Contract. (emphasis added)

The federal regulation which the Contract language incorporates reads in pertinent part as follows:

> (b) The adjusted monthly amount of the Contract Rent of a dwelling unit shall be determined by multiplying the Contract Rent in effect on the anniversary date by the applicable Automatic Annual Adjustment Factor (see paragraph (a) of this section) …24 CFR 888, Subpart 203(b).

The issue presented for the Court's review involves the determination of the rent to which Haddon is entitled for September, 2001 and each month thereafter in the 2001 anniversary year. The plain language of 24 CFR 888 states that <u>the adjusted monthly amount</u> is to be determined by multiplying the Contract Rent in effect on the anniversary date by the applicable automatic annual adjustment factor. There is no language which limits the month to which it applies to the month in which the anniversary date falls. The language of the regulation broadly applies to any month.

Accordingly, the September rent is determined by that formula and because the first three days of September, 2001 fall outside the statute of limitations, 27/30[ths] of the resulting rent is applicable to September of 2001. Each succeeding month in the 2001 year is governed by the same language and should receive fully adjusted rents.

Nevertheless, the Government relies on the language in §2.7(b) of the HAP Contract. That language is expressly contradicted by the language of 24 CFR 888.203(b), which is incorporated into that Contract section. Section 2.7(b) of the HAP Contract provides that the adjustment will take place "**on the anniversary date**." The incorporated regulation provides how the **adjusted monthly amount** of the HAP payment, which is applicable to any month in the year, shall be determined. Both the

---

[1] CA = Contract Administrator

HAP Contract and the applicable Code of Federal Regulations were drafted by the Government.

When language in a federal regulation conflicts with the language in a contract that is subject to that regulation, the federal regulation trumps the contract language subject thereto. *Beta Systems, Inc. v. The United States*, 838 F. 2d 1179 (Ct. of App., Fed. Cir.-1988); *Chris Berg, Inc. v. U.S.*, 192 Ct.Cl. 176, 426 F.2d 314 (1970). In *Berg*, cited in *Beta Systems*, this Court reviewed a Navy procurement contract which had been entered by the parties knowing that there had been a mistake in calculations prejudicing the contactor Berg and which the Government refused to reform. The Armed Services Procurement Regulations required such reformation. This Court sustained the contractor and stated:

> If a regulation appears intended to define and state the rights of a class of persons, it is presumptively intended to benefit those persons. Fletcher v. United States, 392 F. 2d 266, 183 Ct. Cl. 1 (1968). If officials of the Government make a contract they are not authorized to make, the other party is not bound by estoppel or acquiescence or even failure to protest. [citations omitted].

*Id* at 317.

24 CFR 888.203(b), directs how the adjusted monthly amount is to be calculated under the HAP Contract for each and every month of the anniversary year. This provision is for the benefit of the Owner and the Government is not authorized to alter that by contrary contract language. *Id*. Accordingly, the 2008 adjustment should be made as of the date of filing of this case per the regulatory language.

The HAP Contract and the applicable Code of Federal Regulations were both drafted by the Government. Where there is inconsistent language in relevant documents, the inconsistency is construed against the drafter. *Hills Materials Company v. Rice, Secretary of the Air Force*, 982 F. 2d 514 (Ct. of App.,Fed. Cir.-1992). In the

case at bar, there are two proposed interpretations of Section 2.7(b) of the HAP Contract because language in the Contract is inconsistent with language in a federal regulation incorporated into the Contract. The Government asserts that the contract language "…Contract Rents will be adjusted on the anniversary date of contract in accordance with 24 CFR 888 and this contract…", limits the adjustment to the anniversary date. However, Haddon contends that the contract language "…in accordance with 24 CFR 888…" combined with the language of 24 CFR 888.203(b) language that "The adjusted monthly amount of the Contract Rent of a dwelling unit shall be determined by…" directs that the adjustment applies to any month of the year. The language, at best, is inconsistent and ambiguous. As a result, the inconsistency created by the Government must be construed against it.

Notably, the Government has not been so restrictive in its other applications of rent adjustments. In Notice 95-12 there is a requirement that an owner request an adjustment of rent at least 60 days prior to the desired effective date. If the owner does not do so 60 days prior to the anniversary date, the adjustment can nevertheless take effect at any date thereafter so long as the 60 days terminated within the anniversary year:

> If the owner fails to submit the information required by this Notice at least 60 days before the contract anniversary date, then the rent levels will not be adjusted on the contract anniversary date, rather the new rent levels will go into effect 60 days after receipt of the required information. However, if the owner fails to submit this information by the date for FY 1996 HAP contract anniversary, then no increase will be granted for the FY 1995 contract year. Notice 95-12, Part 1, page 3.

The Government in its preparation of Notice 95-12 did not, as it is arguing here, restrict the application of the adjustment to the anniversary date, but permitted it to apply to times subsequent thereto. Both from the standpoint of the contract language

and the Government's past practice, there is no requirement that the adjustment take place only on the anniversary date, but, in fact, it must take place at any subsequent monthly period thereafter in order to determine "the adjusted monthly amount of the Contract Rent."

Accordingly, because of the plain language of the Contract, the preemption of regulatory language over contract language, the Government's drafting of inconsistent language which must be construed against it and the Government's practice of applying rent adjustments in mid-year and even mid-month, the Motion to Dismiss must be denied.

Respectfully submitted,

*/s/ Fred J. Livingstone*

Fred J. Livingstone (0009528)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
(216) 241-2838
(216) 241-3707 – Fax
flivingstone@taftlaw.com

Attorney for Plaintiffs

Of Counsel:
Mark J. Valponi (0009527)
Majeed G. Makhlouf (0073853)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
(216) 241-2838
(216) 241-3707 – Fax

Dated: June 10, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2008 I electronically filed a copy of the foregoing *Brief in Opposition to Defendant's Motion to Dismiss, In Part* with the Clerk of the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Fred J. Livingstone*
Attorney for Plaintiffs