IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PENNSAUKEN SENIOR TOWERS URBAN RENEWAL ASSOCIATES, LLC, ET AL. | ) | |
| Plaintiffs, | ) | 07-174C<br>07-646C<br>(Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, IN PART

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC"), the Government respectfully responds to plaintiff Haddon's opposition to our motion to dismiss, in part. Contrary to the arguments proffered by Haddon in their response opposing our motion, Haddon is not entitled to an annual adjustment to monthly rents for the 2001 contract year.

The plain meaning of the HAP contract provides for annual adjustments of the monthly rents on the anniversary date of the contract. This provision does not conflict with the applicable HUD regulation, as HUD reasonably interprets that regulation to prescribe that an annual adjustment take place, if at all, on the anniversary date of the contract. Any other interpretation is illogical and does not make sense under the HAP backdrop.

## ARGUMENT

### I. Under The Plain Meaning Of The Contract, Haddon's Claim For Rent Adjustments Accrued On The Anniversary Date Of The HAP Contract, More Than Six Years Prior To The Filing Of This Complaint

The language of the contract must be given its plain meaning, and the contract "must be considered as a whole and interpreted so as to harmonize and give reasonable meaning to all of

its parts." Coast Fed. Bank, FSB v. United States, 323 F.3d 1035, 1038 (Fed. Cir. 2003) (en banc). "[T]he plain and unambiguous meaning of a written agreement controls." Hercules Incorporated v. United States, 292 F.3d 1378, 1380-81 (Fed. Cir. 2002). "When the contract language is unambiguous on its face, [the court's] inquiry ends, and the plain language of the contract controls." The Hunt Construction Group, Inc. v. United States, 281 F.3d 1369. 1372 (Fed. Cir. 2002).

Section 2.7(b) of the HAP contract provides that "Contract Rents will be adjusted on the anniversary date of the Contract." This language means precisely what it says. In this case, the annual adjustments to monthly contract rents for the year are applied on the March 17 anniversary date. The plain meaning of an annual adjustment factor must be that it is a factor used to apply annual (not monthly) adjustments. See, e.g., Acacia Villa v. United States, 36 Fed. Cl. 277, 280 (1996) (interpreting parallel provision in earlier version of HAP contract as plainly requiring that annual adjustments take place on the contract anniversary date, provided the owner is entitled to such adjustments). Annual means an event that occurs yearly or once a year. See Merriam-Webster's Collegiate Dictionary 47 (10th Ed. 2001).

The wording of this provision in the HAP contract "tips decidedly in favor" of the interpretation that "the contract anniversary date is significant regarding the timing of rent adjustments," as "the only time mentioned in Section 1.8 [Section 2.7 in the Haddon HAP contract] is the contract anniversary date." Acacia Villa, 36 Fed. Cl. at 280. Accordingly, Haddon's claim for annual rent adjustments in the 2001 contract year accrued on March 17, 2001, more than six years prior to the filing of the complaint.

HUD Notice 95-12 and its progeny, upon which Haddon relies in its opposition, do not compel a contrary conclusion. Notice 95-12 provides that in the ordinary course, "the owner must submit, at least 60 days prior to the HAP contract anniversary date," comparability studies

conducted by qualified appraisers. HUD Housing Notice 95-12, p. 3 (emphasis added). Thus, the Notice reinforces the contract's plain meaning that a claim for an annual adjustment accrues on the anniversary date. The subsequent parenthetical that Haddon cites in support of its opposition provides relief for an owner who, in the very language of the Notice, "fails" to meet this requirement and does not undermine the plain language. See, e.g., Hunt Constr. Group, Inc. v. United States, 281 F.3d 1369, 1372-73 (Fed. Cir. 2002) (Special Notice in contract encouraging contractor to apply for tax exemptions did not conflict with regulation that government generally will not designate contractors as agents to obtain tax exemptions, nor did the Notice introduce ambiguity into the contract). Thus, Notice 95-12 does not inject ambiguity into the contract's plain provision for annual adjustments on the anniversary date.

The meaning of the contract remains unambiguous: the claim for annual adjustment of contract rents for contract year 2001 accrued on the anniversary date of the HAP contract, March 17, 2001.

II. The Language Of The Contract Does Not Conflict With The Regulation

Haddon argues in its opposition that the plain language of the contract, to the extent it follows this plain meaning, conflicts with the pertinent regulation, 24 C.F.R. § 888.203. However, that proposition is not applicable to this case, because no conflict exists between this HAP contract and the applicable regulation.

Federal courts "must give substantial deference to an agency's interpretation of its own regulations," upholding such agency interpretations that are reasonable. Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994); Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945); Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc., 435 U.S. 519, 524 (1978) (observing that, under longstanding judicial doctrine, "the formulation of procedures was basically to be left within the discretion of the agencies to which Congress had confided the

responsibility for substantive judgments"); United States v. Cleveland Indians Baseball Co., 532 U.S. 200, 219 (2001) (agency's interpretation of its own regulations "attracts substantial judicial deference").

HUD interprets the regulation to be completely consonant with the plain meaning of the contract terms at Section 2.7(b). That is, the regulation means that annual adjustments to monthly contract rents are made on the anniversary date. To the extent Haddon takes issue with HUD's interpretation of its own regulation, this Court must apply substantial deference to HUD's reasonable interpretation of 24 C.F.R. § 888.203(b).

This Court must also reasonably interpret the contract to give a lawful and effective meaning to all terms. Hunt Constr. Group, Inc. v. United States, 281 F.3d 1369, 1372 (Fed. Cir. 2002) ("The contract must be considered as a whole and interpreted to effectuate its spirit and purpose, giving reasonable meaning to all parts.") (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). Accordingly, "an interpretation which gives a reasonable meaning to all parts will be preferred to one which leaves a portion of it useless, inexplicable, inoperative, void, insignificant, meaningless, superfluous, or achieves a weird and whimsical result." Arizona v. United States, 575 F.2d 855, 863 (Ct. Cl. 1978); see also Fortec Constr. v. United States, 760 F.2d 1288, 1292 (Fed. Cir. 1985); Northrop Grumman Corp. v. United States, 50 Fed. Cl. 443, 458-59 (2001).

The regulation at 24 C.F.R. § 888.203(b) does not mention the time when adjustment is to occur. The regulation simply provides the method by which monthly rents are determined. Moreover, the term "annual adjustment factor" impliedly contemplates that adjustments would be made on an annual, not monthly, basis. Reference in the regulation to an "adjusted monthly amount" does not suggest a time for adjustment, but rather conveys the parties' intent that project

owners are not entitled to annual housing assistance payments as one lump sum, but instead once a month.

Reading Section 888.203(b) in conjunction with related HUD regulations further supports this conclusion. See, e.g., 24 C.F.R. § 880.609(a). Part 880 of the HUD regulations applies to HAP contracts for new construction projects "for which a notification of selection was not issued before the November 5, 1979 effective date of part 880." 24 C.F.R. § 880.104. The Haddon HAP contract is included in these so-called "new regulation" contracts. Section 880.609(a), which prescribes the terms for annual adjustment of contract rents on these projects, corroborates that annual adjustments are to be made on the anniversary date: "[u]pon request from the owner to the contract administrator, contract rents will be adjusted on the anniversary date of the contract in accordance with 24 CFR part 888." Notably, this language is also identical to the language of Section 2.7(b) of the Haddon HAP contract.

Haddon's cited authority and legal analysis are inapplicable to this case, as the Government here has not contracted beyond its legal authority. In Chris Berg, Inc. v. United States, 192 Ct. Cl. 176, 426 F.2d 314, 318 (1970), for example, the court found "a clear-cut violation of law" where the Government awarded the contract to plaintiff "at the bid price, with knowledge of its mistake and over its protest." Chris Berg, 426 F.2d at 318. By contrast, Haddon and HUD entered a duly authorized HAP contract, without any suggestion that HUD officials acted improperly. See, e.g., 42 U.S.C. 1437f (authorizing entry into Section 8 HAP contracts).

Haddon's proposed interpretation strains the language of the contract, which clearly states the time for adjustments to be the "anniversary date of the contract." To argue that the parties intended an annual adjustment factor to be applied in monthly adjustments would be

illogical and would read out of the provision the entire reference to the anniversary date as the time when adjustments are to be made.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests the Court grant its motion to dismiss, in part.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: 202-307-3390
Fax: 202-514-8624
Attorneys for Defendant

Of Counsel:

AMBER RICHER
Office of General Counsel
Department of Housing and
Urban Development
451 7th St., S.W., Room 10258
Washington, D.C. 20410
Tele: 202-402-3241
Fax: 202-708-3351

June 23, 2008

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of June, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, IN PART" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Armando Rodriguez-Feo