Skinner v. Shirley of Hollywood, a Div. of Nat. Corset Supply House
N.D.Ill.,1989.

United States District Court, N.D. Illinois, Eastern Division.
Craig SKINNER and Charles Skinner, d/b/a Charles Skinner & Associates, Plaintiffs,
v.
SHIRLEY OF HOLLYWOOD, A DIVISION OF NATIONAL CORSET SUPPLY HOUSE, Defendant.
**No. 89 C 4143.**

Oct. 11, 1989.

Sales agent for manufacturer of women's lingerie and apparel sued manufacturer for breach of contract, wrongful termination, recoupment of expenses, unjust enrichment, and violation of Illinois Sales Representatives Act, and sought accounting for commissions allegedly owed. Manufacturer moved to dismiss for failure to state cause of action. The District Court, Bua, J., held that: (1) agent stated claim for breach of employment contract even though manufacturer argued that parties never reached agreement on contract's essential term, and agent's allegation of full performance for period of 15 years was sufficient to overcome Illinois statute of frauds defense; (2) each alleged failure by manufacturer to pay commissions would be tantamount to separate cause of action for which five-year Illinois statute of limitations would not begin to run until payment became due; and (3) agent was not entitled to recoupment of initial expenses as it had been successfully representing manufacturer's products for over a decade by time employment contract was terminated, and that claim alone would be dismissed.

Motion granted in part and denied in part.

West Headnotes

**[1] Federal Civil Procedure 170A ⚷1772**

170A Federal Civil Procedure
170AXI Dismissal
170AXI(B) Involuntary Dismissal
170AXI(B)3 Pleading, Defects In, in General
170Ak1772 k. Insufficiency in General. Most Cited Cases
For purpose of ruling on motion to dismiss for failure to state claim upon which relief can be granted, allegations in plaintiffs' complaint must be taken as true and complaint may not be dismissed unless it is clear that plaintiffs are not entitled to relief under any set of the facts. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[2] Contracts 95 ⚷337(1)**

95 Contracts
95VI Actions for Breach
95k331 Pleading
95k337 Breach
95k337(1) k. In General. Most Cited Cases
To state claim for breach of contract, plaintiff need only allege formation of contract, terms of that contract, performance by plaintiff, breach by defendant, and damages.

**[3] Contracts 95 ⚷9(1)**

95 Contracts
95I Requisites and Validity
95I(A) Nature and Essentials in General
95k9 Certainty as to Subject-Matter
95k9(1) k. In General. Most Cited Cases
Agreement that is too indefinite to be enforceable can be made definite by performance.

**[4] Federal Civil Procedure 170A ⚷1793.1**

170A Federal Civil Procedure
170AXI Dismissal

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

170AXI(B) Involuntary Dismissal
170AXI(B)4 Particular Actions, Insufficiency of Pleadings in
170Ak1793 Employees and Employment Discrimination, Actions Involving
170Ak1793.1 k. In General. Most Cited Cases
(Formerly 170Ak1793)

For purposes of motion to dismiss, sales agent for manufacturer sufficiently alleged breach of employment contract even though manufacturer argued that parties never reached agreement on contract's essential terms; argument that there was no mutuality of agreement and therefore no enforceable contract was issue of fact to be resolved at trial. Fed.Rules Civ.Proc.Rule 8(a), 28 U.S.C.A.

**[5] Frauds, Statute Of 185 ⚷139(1)**

185 Frauds, Statute Of
185IX Operation and Effect of Statute
185k139 Contracts Completely Performed
185k139(1) k. In General. Most Cited Cases

Sales agent's allegation that it fully performed its part of employment agreement with manufacturer for period of 15 years was sufficient to overcome manufacturer's statute of frauds defense to agent's breach of contract claim, under Illinois law. Ill.S.H.A. ch. 59, ¶ 1.

**[6] Limitation of Actions 241 ⚷51(1)**

241 Limitation of Actions
241II Computation of Period of Limitation
241II(A) Accrual of Right of Action or Defense
241k51 Severable Contracts and Installments
241k51(1) k. In General. Most Cited Cases

Under Illinois law, each alleged failure by manufacturer to pay sales commissions to its agent was tantamount to separate cause of action for which five-year limitation period did not begin to run until payment became due. Ill.S.H.A. ch. 110, ¶ 13-205.

**[7] Customs and Usages 113 ⚷15(1)**

113 Customs and Usages
113k9 Application and Operation
113k15 Explanation of Contract
113k15(1) k. In General. Most Cited Cases

In absence of agreement to contrary, persons engaged in the same industry are presumed to have contracted with respect to industry custom and usage; as consequence, particular customs and usages of industry will be taken into account when interpreting contract.

**[8] Labor and Employment 231H ⚷194**

231H Labor and Employment
231HIV Compensation and Benefits
231HIV(A) In General
231Hk194 k. Reimbursements and Advances in General. Most Cited Cases
(Formerly 255k72.5, 255k721/2 Master and Servant)

Sales agent could not recoup initial expenses from manufacturer, where it had successfully represented manufacturer's products for over a decade when employment contract was terminated.

**[9] Implied and Constructive Contracts 205H ⚷81**

205H Implied and Constructive Contracts
205HII Actions
205HII(B) Pleading
205Hk81 k. Declaration, Complaint, or Petition. Most Cited Cases

Under Illinois law, sales agent adequately stated claim against manufacturer for unjust enrichment through allegation that manufacturer appropriated its customer lists and goodwill, receiving benefit that it would be inequitable to retain without payment, and agent was not automatically precluded from asserting that claim on ground that agent also asserted claim for breach of express contract.

***52** Abraham N. Goldman, Abraham N. Goldman

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

& Associates, Chicago, Ill., for plaintiffs.
Andrew W. Levenfeld, Andrew W. Levenfeld & Associates, Ltd., Chicago, Ill., for defendant.

ORDER

BUA, District Judge.
Defendant seeks to dismiss this diversity action pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated herein, defendant's motion to dismiss is granted with respect to Count V of plaintiffs' second amended complaint, and denied with respect to the remainder of plaintiffs' complaint.

I. FACTS

Plaintiffs Craig Skinner and Charles Skinner, d/b/a Charles Skinner and Associates ("Skinner"), are in the business of representing manufacturers of women's lingerie and apparel. Defendant Shirley of Hollywood ("Shirley"), a division of National Corset Supply House, is a California corporation which manufactures women's lingerie and apparel. In 1973, Shirley hired Skinner to be its sole sales agent for an exclusive territory in the Midwest. On August 30, 1982, Skinner sent Shirley a letter in confirmation of the territorial agreement. The letter specified that Skinner had territorial rights to all active accounts in Illinois, Indiana, Michigan, Kentucky, Minnesota, North Dakota, South Dakota, and Wisconsin. In return for distributing Shirley's products in that region, Skinner would receive a 10% commission. From 1973 to 1988, Skinner represented Shirley's products in the region.

Skinner now claims that Shirley breached the contract in April 1984 by maintaining house accounts in Skinner's territory without paying commissions on those accounts, and by unilaterally removing all major store accounts from Illinois, Indiana, Wisconsin, Minnesota, and Kentucky. Skinner also accuses Shirley of overcharging for product samples. In addition to the breach of contract claim, Skinner's six-count complaint asserts claims for wrongful termination, recoupment of expenses, unjust enrichment, and for violation of the Illinois Sales Representatives Act, Ill.Rev.Stat. ch. 48, paras. 2251-2253 (1987). Skinner also seeks an accounting for commissions allegedly owed by Shirley.

II. DISCUSSION

[1] For the purpose of ruling on a motion to dismiss pursuant to federal rule 12(b)(6), the allegations in plaintiffs' complaint must be taken as true. *Greene v. Finley,* 749 F.2d 467, 468 (7th Cir.1984). This court may dismiss the complaint only if it is clear that plaintiffs are not entitled to relief under any set of the facts. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

A. *Count I-Breach of Contract*

Shirley claims that the alleged employment agreement is too indefinite to be enforceable. In addition, Shirley raises the statute of frauds and the statute of limitations as a bar to Skinner's claim.

1. Sufficiency of the Allegations FN1

FN1. Jurisdiction in this case is based on diversity. Therefore, the sufficiency of the pleadings is governed by federal law rather than the more rigorous requirements of Illinois law. *Cleland v. Stadt,* 670 F.Supp. 814, 816 (N.D.Ill.1987).

[2] To state a claim for breach of contract, the plaintiff need only allege the following: 1) the formation of a contract; 2) the terms of that contract; 3) performance by the plaintiff; 4) a breach by the defendant; and 5) damages. *Cleland,* 670 F.Supp. at 817. In the instant case, Skinner alleges that it entered into an employment agreement in 1973 to be Shirley's sole sales agent for an exclusive territory comprised of all active accounts in Illinois, Indiana, Michigan, Kentucky, Minnesota, North Dakota, South Dakota, and Wisconsin. Skin-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

ner negotiated, accepted, and performed the agreement in Illinois. Skinner also alleges that it was entitled to a 10% commission on shipments made into its territory and that Shirley had a duty to report all sales and shipments to Skinner. The ***53** contractual relationship could be terminated by either party upon proper notice. Finally, Skinner alleges that it properly performed under the contract for fifteen years, that Shirley breached the contract, and that Skinner suffered damages as a result of the breach.

[3] Shirley, on the other hand, argues that the parties never reached agreement on the essential terms of the contract. In light of the fact that both parties had been fully performing under the contract for eleven years prior to the alleged breach, Shirley's position that the agreement was vague and unclear is disingenuous. Under basic contract law, an agreement that is too indefinite to be enforceable can be made definite by performance. *United States for Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F.Supp. 298, 302 (N.D.Ill.1987). Undeniably, Skinner has alleged that there was an employment agreement between the parties for fifteen years, and that it fulfilled all of its obligations under the agreement. “[W]here plaintiff has alleged full performance of the contract, indefiniteness will not bar an action.” *Id.*

[4] Shirley's argument that there was no mutuality of agreement and, therefore, no enforceable contract, is an issue of fact to be resolved at trial and not at this early stage in the pleadings. *Cleland,* 670 F.Supp. at 817. Rule 8(a) of the Federal Rules of Civil Procedure merely requires “a short and plain statement” indicating that the plaintiff is entitled to relief. Fed.R.Civ.P. 8(a). Skinner has satisfied this basic pleading requirement.

2. Statute of Frauds

[5] Under the statute of frauds, contracts that are not capable of being performed within the span of one year must be in writing. Ill.Rev.Stat. ch. 59, para. 1 (1987). The purpose of the statute of frauds is to prevent false and fraudulent claims by requiring a writing which evidences a contract. But when one party has fully performed his part of the bargain, that very performance is strong evidence of the existence of a contract. *Meyer v. Logue,* 100 Ill.App.3d 1039, 1043-44, 56 Ill.Dec. 707, 710, 427 N.E.2d 1253, 1256 (1st Dist.1981). Consequently, Illinois courts have recognized that an allegation of complete performance by the plaintiff is sufficient to overcome the statute of frauds defense. *See, e.g., Kozasa v. Guardian Elec. Mfg. Co.,* 99 Ill.App.3d 669, 677, 54 Ill.Dec. 920, 927, 425 N.E.2d 1137, 1144 (1st Dist.1981); *Mapes v. Kalva Corp.,* 68 Ill.App.3d 362, 368, 24 Ill.Dec. 944, 948, 386 N.E.2d 148, 152 (2d Dist.1979); *Reiss v. El Bauer Chevrolet Co.,* 96 Ill.App.2d 266, 269, 238 N.E.2d 619, 621 (4th Dist.1968). “[W]hen one party to a contract completes his performance, the one-year provision of the statute does not prevent enforcement of the promises of the other party.” *American College of Surgeons v. Lumbermens Mut. Casualty Co.,* 142 Ill.App.3d 680, 700, 96 Ill.Dec. 719, 739, 491 N.E.2d 1179, 1193 (1st Dist.1986). Skinner alleges that it fully performed its part of the bargain for a period of fifteen years. This allegation of performance is sufficient to take the alleged oral contract out of the statute of frauds, and allows Skinner to maintain his breach of contract claim.

3. Statute of Limitations

[6] Skinner claims that the initial breach of contract occurred in April 1984. The complaint was originally filed on May 18, 1989-more than five years after the breach.[FN2] Because actions based on oral ***54** contracts must be brought within five years after the cause of action accrued, Ill.Rev.Stat. ch. 110, para. 13-205 (1987), Skinner's contract claim would appear, at first glance, to be barred by the statute of limitations. Skinner contends that its claim is not completely barred because the contract involved a continuing employment relationship, and Shirley's failure to pay commissions between 1984 and 1988 amounted to a continuing breach of that agreement. This court agrees.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

FN2. The initial complaint was filed by CWS Intimates, Inc. Because there was no record of that corporation's existence on file with the Illinois Secretary of State, the plaintiff was directed to amend the complaint. On July 27, 1989, the second amended comlaint was filed naming Skinner as the proper plaintiff. Shirley argues that under federal rule 15(c), the amendment should not relate back to the date of the original filing. Although rule 15(c) expressly refers to the relation back of amendments changing defendants or adding claims, it extends by analogy to amendments changing plaintiffs. Fed.R.Civ.P. 15(c) (advisory committee comments). In the present case, the second amended complaint contains identical allegations as the original complaint; the only difference is that Skinner has replaced CWS Intimates as named plaintiff. Moreover, Skinner is not seeking any additional damages. Finding no evidence that Shirley will be prejudiced by changing the named plaintiff, this court sees no reason why the second amended complaint should not relate back to the date of the original filing.

Generally, the statute of limitations begins to elapse when “facts exist which authorize the bringing of an action.” *Kozasa*, 99 Ill.App.3d at 673, 54 Ill.Dec. at 924, 425 N.E.2d at 1141. Applying the statute of limitations is more difficult, however, with respect to contracts involving a continuing or repeating condition. For example, when a money obligation is payable in installments, the statute of limitations begins to run against each installment on the date it becomes due. *Thread and Gage Co. v. Kucinski*, 116 Ill.App.3d 178, 184, 71 Ill.Dec. 925, 929, 451 N.E.2d 1292, 1296 (1st Dist.1983). When faced with such a continuing contractual relationship, there are four ways in which the statute of limitations may be applied:

(1) The period limiting actions to recover for *all* harm may commence upon the occurrence of the first invasion of the plaintiff's rights; (2) each continuation or repetition of the wrongful conduct may be regarded as a separate cause of action for which suit must be brought within the period beginning with its occurrence; (3) the period for all harm may not commence until the defendant ceases his wrongful conduct; and (4) the period for all harm may be postponed until there is a manifestation of compensable harm.

Note, *Developments in the Law: Statutes of Limitations*, 63 Harv.L.Rev. 1177, 1205 (1950). Contrary to Shirley's position, the statute of limitations for all potential harm should not begin to run immediately upon the initial breach; the extent of future harm could vary or cease completely depending on the extent of the defendant's later wrongful conduct. “Where the potentiality of future harm is not clear, ... limitations should not run until damages become recoverably certain.” *Id.* at 1206.

Each successive failure by Shirley to pay commissions was tantamount to a separate cause of action for which the limitation period did not begin to run until payment became due. *See National R.R. Passenger Corp. v. Notter*, 677 F.Supp. 1, 5 (D.D.C.1987) (“[W]here a contract obligates one party to perform a series of acts, and provides for a corresponding series of payments in consideration thereof, each failure to perform may be considered a separate, partial breach of contract.”). Skinner's cause of action for each commission did not accrue until it could legally demand payment from Shirley. *Kozasa*, 99 Ill.App.3d at 673, 54 Ill.Dec. at 925, 425 N.E.2d at 1142. Accordingly, any breach occurring within five years of the initial filing of this suit on May 18, 1989, is not barred by the statute of limitations; any breach that occurred prior to May 18, 1984, is barred.

B. *Count II-Accounting*

In Count II, Skinner seeks an accounting for com-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

missions on goods that Shirley shipped into its territory since 1984. Skinner claims that Shirley failed to report all sales and shipments into the territory. Shirley seeks to dismiss Count II for the same reasons used to attack Count I: the alleged oral contract is too indefinite; the claim is barred by the statute of frauds; and the claim is barred by the statute of limitations. Having rejected these arguments in Count I, the same attack on Count II cannot succeed.

Nevertheless, Shirley also argues that the allegations in Count II are inadequate in that Skinner did not allege precisely which goods were shipped into its territory without being reported. This argument conflicts with federal pleading requirements: "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson,* 355 U.S. 41, 47, ***55** 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The federal rules merely require the claimant to put the defendant on sufficient notice as to the nature of the claim. This court has ruled that Skinner has set forth allegations sufficient to maintain its contract claim. Therefore, dismissal of Count II is unwarranted.

C. *Count III-Wrongful Termination*

[7] Skinner asserts that industry custom and usage permitted either party to terminate the employment contract with sixty-days notice prior to the start of the next selling season. According to Skinner, Shirley violated this industry standard by terminating Skinner without cause, without notice, and within sixty days of the new selling season. Despite Shirley's contention that the allegations are inadequate, Skinner has alleged the existence of industry custom and usage which governs their contractual arrangement. In the absence of an agreement to the contrary, persons engaged in the same industry are presumed to have contracted with respect to industry custom and usage. *Barry Gilberg, Ltd. v. Craftex Corp*, 665 F.Supp. 585, 591 (N.D.Ill.1987); *Fifteenth Ave. Christian Church v. Moline Heating and Constr. Co.,* 131 Ill.App.2d 766, 769, 265 N.E.2d 405, 408 (3d Dist.1970). As a consequence, the particular customs and usages of the industry will be taken into account when interpreting the contract. *Barry Gilberg, Ltd.,* 665 F.Supp. at 591. Skinner's allegations that Shirley violated industry custom by terminating the employment contract on May 19, 1988, are sufficient to survive the motion to dismiss.

D. *Count IV-Illinois Sales Representatives Act*

In Count IV, Skinner alleges that Shirley violated paragraph 2252 of the Illinois Sales Representatives Act by failing to pay commissions that were due at the time of termination.[FN3] Pursuant to the Act, a sales representative is entitled to all unpaid commissions within thirteen days of termination. Ill.Rev.Stat. ch. 48, para. 2252 (1987). Other than the bald assertion of nonliability to Skinner for unpaid commissions, Shirley has failed to come forward with any legally supportable or otherwise persuasive argument for dismissal. Therefore, this court declines to dismiss Count IV.

FN3. Section 2252 provides in pertinent part:

> All commissions due at the time of termination of a contract between a sales representative and principal shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due.
>
> Ill.Rev.Stat. ch. 48, para. 2252 (1987).

E. *Count V-Recoupment of Expenses*

[8] Skinner also seeks to recoup the expenses it incurred over the course of its employment relationship with Shirley. Skinner states that it expended considerable amounts of money in promoting and selling Shirley's products and that the alleged

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

breach of contract prevented it from recouping these expenses. In support of its claim, Skinner relies on *P.S. & E., Inc. v. Selastomer Detroit, Inc.*, 470 F.2d 125 (7th Cir.1972). Skinner's reliance on that case is misplaced. In *P.S. & E., Inc.*, the Seventh Circuit held that when an employment contract is terminated prematurely, the aggrieved party may be able to recover the start-up expenses that it did not have time to recoup. *Id.* at 128; *see also First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 591 F.Supp. 812, 823 (N.D.Ill.1984), *aff'd*,766 F.2d 1007 (7th Cir.1985).

By the time Shirley terminated the contract in 1988, Skinner had been successfully representing its products for over a decade. *Cf. Superior Concrete Accessories v. Kemper*, 284 S.W.2d 482, 492 (Mo.1955) (twelve years of performance under an agency contract provided agent with sufficient opportunity to recoup its investment). Unpersuaded that Skinner did not have an adequate amount of time to recoup its initial expenses, this court dismisses Count V.

### F. *Count VI-Unjust Enrichment*

[9] In order to assert a claim for unjust enrichment, the plaintiff must allege that the defendant voluntarily accepted a benefit which, under the circumstances, would be inequitable for him to retain without ***56** compensation. *Premier Elec. Constr. Co. v. LaSalle Nat'l Bank*, 132 Ill.App.3d 485, 496, 87 Ill.Dec. 721, 729, 477 N.E.2d 1249, 1257 (1st Dist.1984). Skinner's unjust enrichment claim revolves around the alleged appropriation of its customer lists and goodwill by Shirley. Pointing to the painstaking efforts required to develop its customer base and contacts in the industry, Skinner argues that it would be unjust for Shirley to profit without compensating Skinner for its efforts. In response, Shirley claims that Skinner is not entitled to compensation because Skinner incurred the expenses with the hope of achieving an economic benefit. Although it is true that Skinner cultivated its market so that it could sell Shirley's products successfully, Shirley is not thereby entitled to freely exploit that market and avoid paying Skinner. By alleging that Shirley received a benefit from Skinner, and that it was inequitable for Shirley to retain that benefit without payment, Skinner has adequately stated a claim for unjust enrichment.

Shirley also argues that the existence of an express contract between the parties prevents Skinner from asserting a claim under an implied contract theory. Unfortunately for Shirley, a party who asserts a claim pursuant to an express contract is not automatically precluded from asserting a separate claim for unjust enrichment. *See Braman v. Woodfield Gardens Assocs.*, 715 F.Supp 226, 229 (N.D.Ill.1989). Rule 8(e)(2) of the Federal Rules of Civil Procedure provides that "[a] party may set forth two or more statements of a claim ... alternately or hypothetically, either in one count ... or in separate counts.... A party may also state as many separate claims ... as the party has regardless of consistency...." Fed.R.Civ.P. 8(e)(2). Pursuant to rule 8(e)(2), Skinner may raise alternative claims for breach of contract and unjust enrichment.

## III. CONCLUSION

For the foregoing reasons, this court grants defendant's motion to dismiss with respect to Count V. Defendant's motion is denied with respect to the remaining counts. However, any contract claims that accrued more than five years prior to the initial filing of the complaint are barred by the statute of limitations.

IT IS SO ORDERED.

N.D.Ill.,1989.
Skinner v. Shirley of Hollywood, a Div. of Nat. Corset Supply House
723 F.Supp. 50

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.